No. 05-012

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 113

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

WILLIAM BERNARD AUNE,

       Defendant and Appellant.

APPEAL FROM:    The District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. ADC-2004-104,
                Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Martin J. Eveland, Assistant Public Defender, Helena, Montana

       For Respondent:

       Honorable Mike McGrath, Attorney General; Micheal S. Wellenstein,
       Assistant Attorney General; Helena, Montana

       Leo Gallagher, County Attorney; Carolyn Clemens, Deputy
       County Attorney, Helena, Montana

Submitted on Briefs:  April 26, 2006

Decided:  May 23, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     The State charged William Bernard Aune with Partnership or Family Member Assault (PFMA) in violation of § 45-5-206(1)(c), MCA, pursuant to an alleged incident of physical abuse towards his wife.  At trial, the District Court refused Aune's request for a lesser-included offense instruction on misdemeanor assault; the jury subsequently found him guilty of PFMA.  Aune now appeals.

¶2     The issue is whether the District Court abused its discretion by refusing to give the jury a lesser-included offense instruction on assault.

¶3     We affirm.

## BACKGROUND

¶4     The defendant and his wife, Dawn Aune ("Dawn"), arrived home intoxicated around ten o'clock in the evening on May 3, 2005, with their baby.  At the time, the couple lived with Dawn's mother, Ivon Lockwood, in her basement.  Dawn's three other children also lived with Lockwood, including twelve-year-old Sean, the oldest child, whom Lockwood had adopted.

¶5     Sean testified that he was dozing off to television in the living room when he heard screaming and a car door slam.  He looked outside and saw Aune and Dawn arguing in the driveway.  Aune was holding the car seat carrying their baby, while Dawn screamed at him to give the baby to her.  Sean testified that Aune either hit or pushed Dawn, at which point she appeared to be choking.  Aune then threw food and a baby

2

bottle at Dawn. Sean also testified that he believed Dawn slapped Aune at some point. Scared by the fighting, Sean ran upstairs to seek help from Lockwood.

¶6 By the time Lockwood awoke and descended the stairs, Aune and Dawn had moved their argument to the basement. Lockwood testified that she instructed Dawn to bring the baby to her, at which point Aune attempted to explain what happened. Fed up, Lockwood refused to listen to Aune and instead told him to sleep off the alcohol and talk in the morning. According to Lockwood, Aune then stormed downstairs, slamming doors.

¶7 Dawn told Lockwood that Aune had hit her and that she was "scared to death." Law enforcement arrived shortly thereafter and detained Aune. Aune, who had a slight scratch under his left eye, stated that Dawn had hit him and that he had not touched her. Sean spoke with Deputy Ken Getz, showing him where the fight occurred; Deputy Getz observed food, food wrappers, a baby's bottle, a beer can and a belt. Law enforcement interviewed Dawn twice that evening. According to Deputy Getz, Dawn appeared visibly shaken and intoxicated; however, she indicated that she did not want Aune incarcerated. Although Dawn initially provided contradictory testimony to law enforcement, at trial she positively took blame for instigating the fight and insisted Aune did not hit her. Aune also testified at trial, maintaining that the altercation started as a verbal dispute and that he only used force in order to defend himself.

¶8 During trial, Aune asked the District Court to instruct the jury on a lesser included offense of assault. The court denied this request "because the only additional element in

partner or family member assault that isn't in the assault offense is the family relationship," and since Aune and Dawn were indisputably married, the court concluded such an instruction would be inappropriate.

¶9 The jury convicted Aune of PFMA. He now appeals the court's decision to deny the lesser included offense instruction.

## STANDARD OF REVIEW

¶10 This Court reviews jury instructions to determine whether the instructions as a whole fully and fairly instruct the jury on the law applicable to the case. In order for the district court to instruct the jury on a lesser included offense, the record must contain evidence from which the jury could rationally find the defendant guilty of the lesser offense and acquit of the greater, and the offense must actually constitute an included offense of the crime charged. *State v. Martin*, 2001 MT 83, ¶ 23, 305 Mont. 123, ¶ 23, 23 P.3d 216, ¶ 23.

## DISCUSSION

¶11 The State charged Aune with violating subsection (1) of the PFMA statute, which reads in pertinent part:

> **45-5-206. Partner or family member assault** . . . . (1) A person commits the offense of partner or family member assault if the person:
> (a) purposely or knowingly causes bodily injury to a partner or family member;
> (b) . . .; or
> (c) purposely or knowingly causes *reasonable apprehension* of bodily injury in a partner or family member. [Emphasis added.]

4

¶12 Aune argues that the District Court erred by refusing to instruct the jury on assault as a lesser included offense. He insists that the assault statute qualifies as a lesser included offense of PFMA and the court should have instructed the jury accordingly in light of the fact that law enforcement found no signs of physical violence on Dawn. The assault statute states:

> **45-5-201. Assault**. (1) A person commits the offense of assault if the person:
> (a) purposely or knowingly causes *bodily injury* to another;
> (b) negligently causes bodily injury to another *with a weapon*;
> (c) purposely or knowingly makes *physical contact* of an insulting or provoking nature with any individual; or
> (d) purposely or knowingly causes *reasonable apprehension* of bodily injury in another. [Emphases added.]

¶13 An "included offense" is an offense that "(a) is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (b) consists of an attempt to commit the offense charged or to commit an offense otherwise included in the offense charged; or (c) differs from the offense charged only in the respect that a less serious injury or risk to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Section 46-1-202(9), MCA.

¶14 Aune argues that pursuant to § 46-1-202(9)(c), MCA, assault constitutes a less serious injury or risk or a lesser kind of culpability than PFMA. In making this argument, however, Aune has mistakenly relied on language in subsection (1)(a) of the PFMA statute, rather than the wording in subsection (1)(c), the provision under which Aune was charged. In other words, Aune's argument is based on the false premise that the jury

5

convicted him of "purposely or knowingly caus[ing] *bodily injury* to a partner or family member," when in fact, he was convicted of "purposely or knowingly caus[ing] *reasonable apprehension* of bodily injury in a partner or family member." (Emphasis added.)

¶15 Aune's assertion that assault constitutes a less serious injury or a lesser kind of culpability than PFMA fails when applied to § 45-5-206(1)*(c)*, MCA. The PFMA statute, subsection (c), requires proof of "reasonable apprehension of bodily injury," while the assault statute, at a minimum, requires proof of that same "reasonable apprehension of bodily injury." Thus, the assault statute does not differ from PFMA in requiring a less serious injury or a lesser kind of culpability. A charge of assault is not, as Aune argues under § 46-1-202(9)(c), MCA, a lesser included offense of PFMA.

¶16 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM RICE
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON

6